**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TOMMIE L SHEARS, )<br>)<br>Plaintiff, )<br>)<br>) Case No. 4:17-cv-01648<br>)<br>vs. )<br>)<br>CAPIO PARTNERS, LLC, )<br>)<br>Serve at: )<br>   C.T. Corporation System )<br>   208 So LaSalle St, ) **JURY TRIAL DEMANDED**<br>   Suite 814 )<br>   Chicago, IL 60604 )<br>)<br>)<br>And )<br>)<br>CF MEDICAL, LLC, )<br>)<br>Serve at: )<br>   C.T. Corporation System )<br>   208 So LaSalle St., )<br>   Suite 814 )<br>   Chicago, IL 60604 )<br>)<br>   Defendants. ) | |

**COMPLAINT**

Plaintiff Tommie L Shears ("Plaintiff"), through counsel, brings this Complaint against Defendant Capio Partners, LLC; and CF Medical, LLC; (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

**JURISDICTION AND VENUE**

    1.    This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2. Venue is proper in this District because: a) Defendants' acts and transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Tommie L Shears, is a natural person residing within Saint Louis, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant Capio Partners, LLC ("Capio") is a Texas limited liability company with its principal office at 2222 Texoma Parkway, Suite 150, Sherman, Texas 75090 and a principal business of collecting debts due to others in various states, including Missouri.

5. Defendant CF Medical, LLC ("CFM") is a Nevada limited liability company with its principal business of purchasing and collecting debts due to others in various states, including Missouri.

6. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, it appears that the alleged debt supposedly arose from the purchase of medical products/services on 01/02/2014.

7. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8.     The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

9.     Defendants' letters detailed below each constitute a "communication" as defined by § 1692a(2) of the FDCPA,

## FACTUAL ALLEGATIONS

10.    On or about June 9, 2016, Defendants sent Plaintiff the letter attached as **Exhibit A**.

11.    On information and belief, Defendants' June 9, 2016 letter was delivered to Plaintiff via mail a matter of days after June 9, 2016

12.    Defendants' letter stated that Defendant was attempting to collect a debt to BRIDGETON EMERGENCY GROUP LLC totaling $1572.00.

13.    Plaintiff, as a wage earner, and with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid.

14.    Defendants' June 9, 2016 letter, in pertinent part:

> We have been authorized to extend you a special offer of settlement for $786.00. This offer will save you 50%. If you choose to accept this offer, payment must be received in this office on or before 06/24/2016.

**Exhibit A.**

15.    Upon reviewing Defendants' June 9, 2016 letter, unsophisticated consumers such as (and including) Plaintiff believed that Defendants' "special offer" was a one-time offer.

16.    The "special offer" extended by Defendants in the June 9, 2016 letter was, in fact, not time-bound.  It is believed that at all times relevant Defendants could have (and would have) accepted the seemingly limited-time offer.

17. The language of Defendants' June 9, 2016 letter falsely leads unsophisticated debtors like Plaintiff to believe that the settlement offered is the one and only chance to settled to debt at issue.

18. Despite Defendants' "special," time-bound offer in its June 6, 2016 letter, Defendants sent Plaintiff another letter dated October 14, 2016 that stated, in pertinent part:

> We have been authorized to extend you a special offer of settlement for $786.00. This offer will save you 50%. If you choose to accept this offer, payment must be received in this office on or before 11/14/2016.

See Defendants' October 14, 2016 letter attached as **Exhibit B.**

19. Indeed, Defendants' "special offer" in its October 14, 2016 is also believed not to actually have been time-bound.

20. Through its misrepresentations, Defendant sought to impart stress and a false sense of urgency upon Plaintiff. *See, e.g., Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 494-96 (5th Cir. 2004), *cert denied*, 546 U.S. 811 (2005).

21. Through their letters Defendants falsely threatened not to renew its "special offer," when in fact, Defendants had no intention of revoking that offer.

22. Defendants' misrepresentations were material for the purposes of 15 U.S.C. § 1692e in that in that they were objectively the type of threats that would influence an unsophisticated consumer's decision-making. *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality unnecessary to prove violations of Section 1692g).

23. Plaintiff believes that Defendants' June 6, 2016 letter was Defendants' initial communication and completely lacked any of the notices required by Section 1692g(a) of the FDCPA.

24. At all times relevant, Defendant Capio acted as an agent of Defendant CFM over which Defendant CFM exercised oversight and control; and therefore, Defendant CF Medical is vicariously liable for those acts and omissions of Defendant Capio that were unlawful.

25. Plaintiff never entered any agreement consenting to arbitrate disputes between himself and Defendant or waiving her right to a trial by jury.

26. All of Defendants' conduct complained of herein occurred within one year of the date of this Complaint.

27. Defendants' conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

28. Defendants' conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendants' acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

29. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).

30. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA

31. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

32. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendants in this Court.

33. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I: VIOLATION OF THE FDCPA

34. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

35. In its attempts to collect the alleged debt from Plaintiff, Defendants violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Using false, deceptive, and misleading representations in connection with the collection of the debt at issue when Defendants conveyed a "special" settlement offer with a false deadline in order to create a false sense of urgency and give the impression that the offer was a one-time offer when, in fact, that was not true, 15 U.S.C. §§ 1692e & (10); and

   b. Using false, deceptive, and misleading representations in connection with the collection of the debt at issue when Defendants conveyed a "special" settlement offer with a false deadline in order to threaten unsophisticated consumers, including Plaintiff, with a take-it-or-leave-it offer when—in reality—Defendant had no actual intention of revoking the settlement offer at the specified deadline(s), 15 U.S.C. §§ 1692e, (5), & (10); and

   c. Utterly failing to provide the notices required by Section 1692g(a) of the FDCPA.

36. Each of Defendants' respective violations of the FDCPA renders each Defendant liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

   a. statutory damages of $1,000;

   b. actual damages;

   c. prejudgment and/or post-judgment interest as permitted by law;

   d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  June 9, 2017                               Respectfully Submitted,


By:     /s/ Nathan D. Sturycz
Nathan D. Sturycz, #61744MO
100 N. Main, Suite 11
Edwardsville, IL  62025
Phone: 877-314-3223
Fax: 314-667-2733
nathan@sturyczlaw.com
*Attorney for Plaintiff*